UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| CLAUDEA ELLIS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>OX CAR CARE, INC.<br><br>*Defendant.* | Case No. 1:24-cv-1299<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Claudea Ellis ("Plaintiff" or "Ms. Ellis") brings this Class Action Complaint and Demand for Jury Trial against Defendant Ox Car Care, Inc. ("Ox Car Care") to stop the Defendant from violating the Telephone Consumer Protection Act by making telemarketing calls to numbers on the National Do Not Call Registry. Plaintiff Ellis, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## I.   INTRODUCTION

1.   Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer

Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. Ms. Ellis alleges that Ox Car Care made unsolicited telemarketing calls to her and other without their prior express written consent to numbers on the National Do Not Call Registry.

4. Ms. Ellis also alleges that Ox Car Care made unsolicited telemarketing calls to Virginia telephone numbers on the National Do Not Call Registry, and that by doing so, Ox Car Care has violated the provisions of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA").

5. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II. PARTIES

6. Plaintiff Claudea Ellis is an individual residing in Virginia in this District.

7. Defendant Ox Car Care, Inc. is a corporation.

CLASS ACTION COMPLAINT
-3-

8. Defendant engages in telemarketing into this District, as it did with Plaintiff.

### III.   JURISDICTION AND VENUE

9. <u>Jurisdiction</u>.  This Court has subject matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claim arise under the laws of the United States, specifically, 47 U.S.C. § 227.  This Court also has supplemental jurisdiction over the state law claims because they related to the same telemarketing conduct.

10. <u>Personal Jurisdiction</u>.  This Court has personal jurisdiction over Ox Car Care because it made calls and sells services in Virginia, and this action arises from calls into Virginia to sell its services.

11. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, as the calls were received in this District.

### IV.   BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.     The Do Not Call Registry**

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.     The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.     The VTPPA prohibits calls to numbers on the National Do Not Call Registry.**

18. Virginia has also passed the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-510 *et seq.* ("VTPPA") to protect its consumers from unwanted telemarketing.

19. It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

## V.     FACTUAL ALLEGATIONS

20. Ox Car Care is a company that makes telemarketing calls to obtain new auto warranty customers.

21. Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

22. Those telemarketing calls violate the TCPA when they are made with to residential numbers on the National Do Not Call Registry.

23. Plaintiff Ellis's telephone number, (703)-XXX-9683, is a residential telephone registered on the National Do Not Call Registry and has been continuously since 2008.

24. Ms. Ellis's telephone number is used for personal and household purposes.

25. Ms. Ellis's telephone number is not associated with a business.

CLASS ACTION COMPLAINT
-6-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26. Despite this, Ms. Ellis received a text message and at least 8 telemarketing calls from Ox Car Care, including the text being sent on April 9, and the calls being sent on May 29, June 2, 4 and 27, 2024.

27. All of the calls were telemarketing calls designed to sell the Plaintiff Auto Warranty Services.

28. The text message is below:



CLASS ACTION COMPLAINT
-7-

29. The Plaintiff did not make any such request and hadn't been shopping for auto warranty coverage.

30. The telemarketing calls were all similar in nature and intended to offer Ox Car Care auto warranty coverage.

31. Ms. Ellis was not interested in the services.

32. Ms. Ellis did not provide her prior express written consent to Defendant to receive the calls.

33. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated, they were annoyed and harassed.

## VI. CLASS ACTION ALLEGATIONS

34. <u>Class Definition</u>.  Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following Classes (the "Classes") defined as follows:

> **Ox Car Care VTPPA Class:** All persons in Virginia or with a Virginia area code, who, (1) received a telephonic sales call from Ox Car Care (2) to a number on the National Do Not Call Registry (3) from the four years prior to the filing of the complaint through the date of trial.
>
> **Ox Car Care Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation

        from or on behalf of Ox Car Care (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

35. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

37. The potential members of the Classes number at least in the thousands.

38. Individual joinder of these persons is impracticable.

39. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

40. Plaintiff is a member of each of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

41. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy,

annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

42. This class action complaint seeks injunctive relief and money damages.

43. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant telemarketing calls to numbers on the National Do Not Call Registry that were Virginia residents;

    b. whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    c. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant' conduct.

44. Plaintiff's claims are typical of the claims of the Classes.

45. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

46. Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Classes, she will fairly and

adequately protect the interests of the Classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

47. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

48. A class action is the superior method for the fair and efficient adjudication of this controversy.

49. Classwide relief is essential to compel Defendant to comply with the TCPA. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small

claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

50. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis. Moreover, on information and belief, Plaintiff allege that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

## **FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

51. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

52. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

53. Defendant violated the TCPA and the Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Classes while those persons' phone numbers

were registered on the National Do Not Call Registry, or by the fact that others did so on their behalf.

54. As a result of Defendant' violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are each entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

55. Plaintiff and National Do Not Call Registry Class members are each entitled to an award of treble damages if Defendant' actions are found to have been knowing or willful.

## SECOND CAUSE OF ACTION
### Violation of the Virginia Telephone Privacy Protection Act, Va. Stat. § 59.1-514
### On Behalf of Plaintiff and the VTPPA Class

56. Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

57. Plaintiff brings this claim individually and on behalf of VTPPA Classes members against Defendant.

58. It is a violation of the VTPPA to "initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry …." Va. Stat. § 59.1-514(B).

59. A "telephone solicitation call" is a call made "for the purpose of offering or advertising any property, goods, or services for sale, lease, license, or investment …." *Id* at § 59.1-510.

60. In violation of the VTPPA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and VTPPA Class members without Plaintiff's and VTPPA Class members' prior express written consent even though VTPPA Class members were on the National Do Not Call Registry.

61. As a result of Defendant's conduct, and pursuant to § 59.1-515 of the VTPPA, Plaintiff and VTPPA Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and VTPPA Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. That the Court enter a judgment awarding Plaintiff and all class members statutory damages for each violation of the classes; and

B. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes,

and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

    C.    Such other relief as the Court deems just and proper.

## VII. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

Dated: July 26, 2024

PLAINTIFF,
By her attorney

*/s/ William Robinson*
William Robinson
VSB:76098
319 N. Piedmont St., #1
Arlington VA. 22203
ph. 703-789-4800
wprlegal@gmail.com

*/s/ Anthony I. Paronich*
Anthony I. Paronich, *Pro Hac Vice*
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
**Attorney for Plaintiff**